IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| SHARIA HARRIS, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:17-cv-00468-SWW |
| | * | |
| | * | |
| SOUTHERN ADMINISTRATIVE | * | |
| SERVICES and STONERIDGE | * | |
| HEALTH & REHAB CENTER, | * | |
| | * | |
| Defendants. | * | |

ORDER

On July 21, 2017, plaintiff Sharia Harris filed this *pro se* action against

Southern Administrative Services (SAS) and Stoneridge Health & Rehab Center

(SHRC) alleging employment discrimination and retaliation in violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans

with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* Now before the Court is a

motion of SAS to dismiss [doc.#12] on grounds, *inter alia*, that this action is time-

barred. Plaintiff has not responded to SAS's motion to dismiss and the time for

doing so has passed. Having considered the matter, the Court grants SAS's motion

to dismiss.[1]

---

[1] By order entered July 25, 2017 [doc.#5], the Court instructed plaintiff that she is
required to be familiar and comply with all the Federal Rules of Civil Procedure as well as the

An action alleging a violation of Title VII and the ADA must be commenced within 90 days of the plaintiff's receipt of a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). See, *e.g., Coleman v. Correct Care Solutions*, No. 8:13cv82, 2014 WL 4264774, at *3 n.1 (D. Neb. Aug. 28, 2014); *Macon v. Cedarcroft Health Services, Inc.*, No. 4:12-cv-1481 CAS, 2013 WL 1283865, at *4 (E.D. Mo. March 27, 2013). Courts presume that a right-to-sue letter is received three days after the EEOC mailed it. *Langford v. Wilkins*, 101 F.Supp.3d 809, 820 (E.D. Ark. 2015) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n.1 (1984)). In this respect, the law presumes that correspondence properly addressed, stamped and mailed was received by the individual or entity to whom it was addressed. *Roush v. Kartridge Pak Co.*, 838 F.Supp. 1328, 1335 (S.D. Iowa 1993) (collecting cases). While the presumption is a rebuttable one, it is a very strong presumption and can only be rebutted by specific facts and not by invoking another presumption. *Id.*

Here, the EEOC's right-to-sue letter was mailed on January 4, 2017, but plaintiff did not file this action until July 21, 2017. Thus, plaintiff filed this action well after the 90-day limitations period and she has not presented the Court with any circumstances that would justify equitable tolling of the limitations period.

---

Local Rules of this Court and that failure to so comply can result in dismissal of plaintiff's claim.

See *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989) (although 90-day limitations period is subject to equitable tolling in appropriate circumstances, courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff).

The Court notes that there is an unverified handwritten notation on the right-to-sue letter that states it was "re-issued on 4/25/17 not received."[2]  But "whether the present action is time barred must be determined with reference to only the first Notice of Right to Sue.  Otherwise, the time limitations … would be meaningless, because potential Title VII plaintiffs could evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased."  *Soso Liang Lo v. Pan American World Airways, Inc.*, 787 F.2d 827, 828 (2nd Cir. 1986) (cited with approval in *Frazier v. Vilsack*, 419 Fed.Appx. 686, 690 (8th Cir. 2011)).  See also *Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 825 (11th Cir. 2000) ("A second Notice tolls the limitation period only if the EEOC issues such Notice pursuant to a reconsideration on the merits …"); *Zamora v. GC Servs., LP*, EP-15-cv-00048-DCG, 2015 WL 13305864 (W.D. Tex. Aug. 31, 2015) (in commencing the running of the statute of limitation from presumed date of first delivery where plaintiff claimed he did not receive a first EEOC letter but admitted receipt of a

---

[2] Both right-to-sue letters were mailed to the same still-current address of plaintiff.

second letter at the same address, court noted that for it "to adopt a different rule

would allow all plaintiffs to manipulate the limitation period by simply making one

phone call to the EEOC in which they state that a letter properly mailed was not

received.").  Plaintiff has not presented any specific facts that would rebut the

presumption that the EEOC's right-to-sue letter was received by her when it was

first issued.  Accordingly, the Court grants SAS's unopposed motion to dismiss

[doc.#12] and dismisses this action with prejudice.[3]  The Court will enter judgment

accordingly.

IT IS SO ORDERED this 23rd day of October 2017.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[3] This dismissal is *sua sponte* with respect to SHRC as SHRC apparently has not yet been served.